**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed September 1, 2005)

| | |
|---|---|
| **OMAHA PUBLIC POWER DISTRICT**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 01-115C (Judge Braden) |

**MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL AND REQUEST FOR ORDER PRESERVING POST-TRIAL DAMAGES**

Pursuant to RCFC 7, General Order No. 42a, ¶ 7, this Court's March 15, 2005 Order, and the May 9, 2002 Coordinated Discovery Protective Order ¶¶ 6-7 ("Protective Order"), Plaintiff Omaha Public Power District ("OPPD") respectfully requests leave to file under seal the following three expert reports: (1) Richard J. Sieracki & Kenneth P. Metcalf, "Assessment of Damages Resulting From The Department of Energy's Failure To Perform Its Contractual Obligations Regarding Omaha Public Power District's Spent Nuclear Fuel;" (2) Eileen M. Supko, "Expert Report Regarding Determination of the U.S. Department of Energy's Overall Spent Nuclear Fuel Acceptance Rate;" and (3) Eileen M. Supko, "Expert Report Regarding Spent Nuclear Fuel Acceptance Rights for Omaha Public Power District's Fort Calhoun Nuclear Power Plant." Additionally, because OPPD expects in this case only to seek damages up to the date of trial (July 10, 2006), it seeks an order preserving its ability to return to this Court to seek damages suffered after that date.

## I. MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL

The Protective Order governing this case allows a party to request an order placing documents under seal and limiting access to the confidential material to only the Court, the

Court's employees, and counsel for the parties (and their agents). Protective Order ¶¶ 6-7. OPPD requests this protection and requests that the three expert reports be placed under seal, because they include descriptions of and references to OPPD's proprietary and confidential business information. Additionally, two of the expert reports authored by Ms. Eileen Supko include confidential and proprietary information of her firm Energy Resources International, Inc.

Furthermore, General Order No. 42a, ¶ 7, notes that "documents to be placed under seal shall not be filed electronically unless and until authorized by the assigned judge." General Order No. 42a also states that "[a] motion to file documents under seal may be filed electronically, unless prohibited by law. The documents to be filed under seal shall not be attached to the motion, but shall be filed after the motion is granted." *Id.*

Consistent with General Order No. 42a's language, OPPD files this motion for leave to file its three expert reports under seal and will await a Court order to file these three expert reports with the Court (although it has served the Government with a copy this date). To the extent that this Court prefers to file these documents under seal electronically (as opposed to physically over-the-counter in the Clerk's office), OPPD also requests leave to file electronic files exceeding 2 megabytes in size. *See* General Order 42a, ¶ 4. Thus, OPPD respectfully requests leave to file its three expert reports under seal.

## II. MOTION FOR ORDER PRESERVING OPPD'S RIGHT TO SEEK IN A FUTURE SUIT DAMAGES SUFFERED AFTER TRIAL

OPPD requests that this Court issue an order preserving OPPD's right to bring a future suit for damages not covered by the three expert reports to be submitted under seal. In particular, OPPD has limited its damages claims in this law suit to those damages it will incur through the date of its trial, currently scheduled to commence on July 10, 2006.

The Restatement (Second) of Judgments provides the Court with the ability to enter an order preserving OPPD's rights to bring a future case for damages incurred after a trial. In particular, the Restatement recognizes that the general rule of merger and bar "does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant" where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b).

Judge Lettow has invoked this section of the Restatement (Second) of Judgments, *inter alia*, in other SNF cases, to allow other utility plaintiffs to return to this Court for any damages suffered after trial. *See Tenn. Valley Auth. v. United States*, 60 Fed. Cl. 665, 677-78 (2004); *see also Sys. Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 176-77 (2005); *Entergy Nuclear Indian Point 2, LLC v. United States*, 64 Fed. Cl. 515, 525-26 (2005); *Entergy Nuclear Generation Co. v. United States*, 64 Fed. Cl. 336, 345-46 (2005). Additionally, this Court has entered a similar order in *Sacramento Municipal Utility Dist. v. United States*, No. 98-488C. (*See* Attachment 1). Thus, OPPD requests that the Court enter an order preserving OPPD's right to bring a future suit for damages suffered after the date of trial, which damages are not covered by the three expert reports.

**CONCLUSION**

For the foregoing reasons, OPPD respectfully requests leave of this Court to file its expert reports under seal (either electronically or physically over-the-counter in the Clerk's office). Additionally, OPPD requests that the Court enter an order preserving OPPD's right to bring a future suit for damages suffered after the date of trial, which damages are not covered by the three expert reports.

Dated: September 1, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Omaha Public Power District

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1331017 v.2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT )<br>Plaintiff, )<br>v. )<br>THE UNITED STATES OF AMERICA, )<br>Defendant. ) | No. 98-488 C<br>(Judge Braden) |

JOINT STIPULATION AND ORDER REGARDING DAMAGES

General Background

1. On June 9, 1998, Sacramento Municipal Utility District ("SMUD") filed a complaint against the United States asserting claims predicated upon the alleged partial breach by the United States Department of Energy ("DOE") under the Standard Contract for the Disposal of Spent Nuclear Fuel and High-Level Waste ("Standard Contract") to take title and dispose of spent nuclear fuel ("SNF") and high-level waste ("HLW") by January 31, 1998. Plaintiff's Complaint ("Pl. Compl.") ¶¶ 1, 24.

2. On April 16, 2004, and August 27, 2004, SMUD provided the Government with what it referred to as preliminary damages information. The referenced preliminary damages information included costs from 1992 through 2003, as well as projected future costs.

3. On June 7, 2004, the Government filed a motion for partial summary judgment regarding SMUD's recovery of future or prospective damages. In this motion, the

Government requested that SMUD's damages claim in the current lawsuit be limited to damages incurred through either the date of SMUD's complaint or, in the alternative, a date that would not post-date the trial in this matter. See Defendant's Motion For Partial Summary Judgment Regarding Plaintiff's Recovery of Future or Prospective Damages, at 1.

4. On July 8, 2004, SMUD filed a motion requesting that the Court grant SMUD the right to bring future actions for damages accruing subsequent to the time period encompassed by the trial. SMUD's motion also requested the right to recover damages in this lawsuit through the date of trial.

5. The parties continue to disagree over whether SMUD's damages in the current lawsuit should be limited to damages incurred through the date of SMUD's complaint, June 9, 1998. However, the parties recognize that SMUD could file a new complaint to recover damages from that date through at least 2003, and that if such new complaint were consolidated with the current lawsuit then damages through at least 2003 could be obtained in the current lawsuit. In the interest of efficiency, the parties will therefore treat this issue as though SMUD had filed a new complaint to recover its damages through 2003 and such new complaint had been consolidated with the current lawsuit. This should eliminate the need for the Court to decide this issue or, depending upon the Court's decision, for SMUD to file a new complaint or to seek consolidation.

Stipulation and Order

6. In the interest of resolving the above-stated issues in a mutually acceptable fashion, the parties hereby stipulate to the following and the Court orders that:

a. SMUD may seek to recover damages through the end of 2003 in the current lawsuit.

b. SMUD shall have the right to bring additional future actions for damages that may accrue subsequent to 2003, consistent with applicable statutes of limitation starting to run on or after January 1, 2004, notwithstanding any final judgment entered by the Court in the current lawsuit.

c. The Government shall not object to, and the Court shall not bar, these future actions upon the grounds that they should have been brought as part of the current lawsuit or that SMUD is engaging in "claim-splitting."

d. These future actions should be filed as directly-related cases pursuant to Rule 40-2, or its successor, of the Rules of the United States Court of Federal Claims, because these future actions will involve the same parties and the same contract and property as the present lawsuit.

Dated: September 27, 2004

s/Howard Cayne by s/Timothy Macdonald
Howard Cayne
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5999

Attorneys for Plaintiff

s/ Harold D. Lester, Jr.
Harold D. Lester, Jr.
Assistant Director

s/Russell A. Shultis
Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7561

Attorneys for Defendant

IT IS SO ORDERED.

s/Susan G. Braden
Judge