IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| Plaintiff, | ) | No. 98-488 C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT STIPULATION AND ORDER REGARDING DAMAGES

General Background

1. On June 9, 1998, Sacramento Municipal Utility District ("SMUD") filed a complaint against the United States asserting claims predicated upon the alleged partial breach by the United States Department of Energy ("DOE") under the Standard Contract for the Disposal of Spent Nuclear Fuel and High-Level Waste ("Standard Contract") to take title and dispose of spent nuclear fuel ("SNF") and high-level waste ("HLW") by January 31, 1998. Plaintiff's Complaint ("Pl. Compl.") ¶¶ 1, 24.

2. On April 16, 2004, and August 27, 2004, SMUD provided the Government with what it referred to as preliminary damages information. The referenced preliminary damages information included costs from 1992 through 2003, as well as projected future costs.

3. On June 7, 2004, the Government filed a motion for partial summary judgment regarding SMUD's recovery of future or prospective damages. In this motion, the

Government requested that SMUD's damages claim in the current lawsuit be limited to damages incurred through either the date of SMUD's complaint or, in the alternative, a date that would not post-date the trial in this matter. See Defendant's Motion For Partial Summary Judgment Regarding Plaintiff's Recovery of Future or Prospective Damages, at 1.

4. On July 8, 2004, SMUD filed a motion requesting that the Court grant SMUD the right to bring future actions for damages accruing subsequent to the time period encompassed by the trial. SMUD's motion also requested the right to recover damages in this lawsuit through the date of trial.

5. The parties continue to disagree over whether SMUD's damages in the current lawsuit should be limited to damages incurred through the date of SMUD's complaint, June 9, 1998. However, the parties recognize that SMUD could file a new complaint to recover damages from that date through at least 2003, and that if such new complaint were consolidated with the current lawsuit then damages through at least 2003 could be obtained in the current lawsuit. In the interest of efficiency, the parties will therefore treat this issue as though SMUD had filed a new complaint to recover its damages through 2003 and such new complaint had been consolidated with the current lawsuit. This should eliminate the need for the Court to decide this issue or, depending upon the Court's decision, for SMUD to file a new complaint or to seek consolidation.

Stipulation and Order

6. In the interest of resolving the above-stated issues in a mutually acceptable fashion, the parties hereby stipulate to the following and the Court orders that:

a. SMUD may seek to recover damages through the end of 2003 in the current lawsuit.

b. SMUD shall have the right to bring additional future actions for damages that may accrue subsequent to 2003, consistent with applicable statutes of limitation starting to run on or after January 1, 2004, notwithstanding any final judgment entered by the Court in the current lawsuit.

c. The Government shall not object to, and the Court shall not bar, these future actions upon the grounds that they should have been brought as part of the current lawsuit or that SMUD is engaging in "claim-splitting."

d. These future actions should be filed as directly-related cases pursuant to Rule 40-2, or its successor, of the Rules of the United States Court of Federal Claims, because these future actions will involve the same parties and the same contract and property as the present lawsuit.

Dated: September 27, 2004

s/Howard Cayne by s/Timothy Macdonald
Howard Cayne
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5999

Attorneys for Plaintiff

s/ Harold D. Lester, Jr.
Harold D. Lester, Jr.
Assistant Director

s/Russell A. Shultis
Russell A. Shultis
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7561

Attorneys for Defendant

IT IS SO ORDERED.

s/Susan G. Braden
Judge